Newburger et al. *v.* Weaver (et al.), Appellant.

Argued April 22, 1930. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Samuel J. Gottesfeld,* for appellant.

*John P. Connelly,* for appellees.

PER CURIAM, May 12, 1930:

The court below entered a decree in equity by which it restrained the two defendants from in any wise disposing of a certain certificate of stock for 100 shares, old series, of Cities Service Company, ordered defendant Weaver to transfer and deliver the certificate in question to plaintiffs, and the latter to transfer and deliver to Weaver a certificate for 100 shares of the new stock of the before mentioned company, with a proper order for the adjustment of dividends. Defendant Weaver appealed.

Appellant's counsel makes a keen technical argument on the law, in support of his client's position, yet we see

no merit in it. The stock certificate which defendants were ordered to hand over to plaintiffs was delivered by the latter to the former through a mistake of fact, of which defendant is endeavoring to take advantage. Briefly, the facts are as follows: Weaver ordered plaintiffs, a firm of stock brokers, to purchase for him 100 shares of what is known as the new stock of the Cities Service Company; he paid them, for this purchase, the sum of $3,100, which was the market price of that particular stock. Plaintiffs made the purchase as directed, but, by mistake, delivered to defendant 100 shares of what is known as the old stock of the corporation in question, which at the time had a market value of $12,000. Shortly thereafter the mistake was discovered. Plaintiffs demanded the return of the certificates in defendant's possession, and, not being able to obtain it, commenced the present suit for its recovery. The testimony of defendant Weaver, given as a witness on his own behalf, sustains the decree of the court below. He testified that about a month after the certificate in controversy was delivered to him by plaintiffs the mistake alleged by them was called to his attention. When the question was put to him, "Did you verify that a mistake had been made?" he answered "Yes." In reply to the further question, "You knew that this [stock which he had received from plaintiffs] was not the stock that you purchased, didn't you?" the witness said, "Yes." Answering the question, "What did you buy?" he replied, "One hundred shares of Cities Service new stock"; and to the question, "What did you get?" he answered, "One hundred shares of old [stock]." Then he admitted that the price of the stock which he had bought was $31 a share as against $120 a share for the stock which was delivered to him. In several answers following those already quoted, Weaver admitted his knowledge that a mistake had been made, in delivering to him the certificate for old stock in place of new stock, asserting, however, that he did not observe the mistake when the cer-

tificate was delivered to him because the certificates for both kinds of stock "look alike." Defendant's admissions corroborate the case as established by plaintiffs' evidence, and the court below did not err in entering the decree appealed from.

The decree is affirmed at cost of appellant.